# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MR. CARLOS A. MILLER, | : | |
| Plaintiff, | : | Case No. 3:09cv00475 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| CASINO CONTROL COMMISSION, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff Mr. Carlos A. Miller, a resident of Cincinnati, Ohio, brings this case *pro se* naming as defendants "Casino Control Commission" and "all casinos listed on page 6." (Doc. #1 at 1). Plaintiff has attached to his Complaint a document concerning the State of New Jersey Casino Control Commission's Requirements and Procedures for the Approval of Authorized Games. Page six of that documents lists various casinos with addresses in New Jersey.

The allegations in Plaintiff's Complaint consist only of the following: "inventor gaming wheel of card created by Carlos A. Miller." (Doc. #1 at 5). Plaintiff requests relief in the amount of "900 zillion dollars." *Id*. at 6.

The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* under 28 U.S.C. §1915. The case is presently before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint, or any portion of it, should be dismissed

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

because it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). If the Complaint raises a claim with an arguable or rational basis in fact or law, it is neither frivolous nor malicious, and it may not be dismissed *sua sponte*. *Brand v. Motley*, 526 F.3d 921, 923-24 (6th Cir. 2008); *see Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A Complaint has no arguable factual basis when its allegations are "fantastic or delusional." *Brand*, 526 F.3d at 923 (quoting *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)); *see Lawler,* 898 F.2d at 1199. A Complaint has no arguable legal basis when it presents "indisputably meritless" legal theories – for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *See Neitzke,* 490 U.S. at 327-28; *see also Brand*, 526 F.3d at 923.

Plaintiff's Complaint, although not factually delusional, raises a single conclusory statement, which is insufficient to state a violation of Plaintiff's rights under federal law. *See Ashcroft v. Iqbal*, __U.S. __, 129 S.Ct.1937, 1949 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (citations omitted)); *see also Eidson v. State of Tenn. Dept. of Children's Svs*., 510 F.3d 631, 634 (6th Cir. 2007) ("[A] complaint must contain either direct or inferential allegations respecting all material elements to sustain recovery under some viable legal theory.... Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice."). In addition, Plaintiff's Complaint lacks allegations indicating that any of the named defendants – who are all located in New Jersey – acted in Ohio or otherwise acted in a manner sufficient to make a prima facie showing that this Court may exercise jurisdiction over them under Ohio's long-arm statute and the Due Process Clause of the Fourteenth Amendment of the United States Constitution. *See, e.g,. Brunner v. Hampson*, 441 F.3d 457, 462-66 (6th Cir. 2006);

*Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721-24 (6th Cir. 2000).

Accordingly, Plaintiff's Complaint must be dismissed under 28 U.S.C. §1915(e)(2)(B).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Complaint be DISMISSED;

2. The Court certify pursuant to 28 U.S.C. §1915(a)(3) that for the foregoing reasons an appeal of an Order adopting this Report and Recommendations would not be taken in good faith, and consequently, leave for Plaintiff to appeal *in forma pauperis* should be denied; and

3. The case be terminated on the docket of this Court.


January 28, 2010

                s/ Sharon L. Ovington
                Sharon L. Ovington
             United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).